UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              ::
WAYNE PHILLIP COSTIGAN                          :    10-CV-3029 (ARR)
                                                :
                       Petitioner,              :    <u>NOT FOR PRINT OR</u>
                                                :    <u>ELECTRONIC</u>
        -against-                               :    <u>PUBLICATION</u>
                                                :
UNITED STATES OF AMERICA                        :    <u>OPINION AND ORDER</u>
                                                :
                       Respondent.              :
                                                X
-------------------------------------------------------------

ROSS, United States District Judge:

Petitioner Wayne Phillip Costigan, proceeding <u>pro se</u>, moves this court to "vacate, set aside or correct" his sentence pursuant to 28 U.S.C. § 2255. On November 9, 2004, after pleading guilty to criminal charges in two separate cases, petitioner was sentenced to 123 months imprisonment for two counts of bank robbery, in violation of 18 U.S.C. § 2113, and one count of carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Specifically, petitioner was sentenced to a 63-month term of imprisonment for the bank robbery count related to the December 17, 2003 robbery of Fleet Bank, a consecutive 60-month term of imprisonment for the offense of carrying a firearm in connection with a crime of violence, and a concurrent 63-month term of imprisonment for the bank robbery count related to the May 24, 2002 robbery of HSBC Bank. The court construes petitioner's motion to argue that the consecutive sentence of 60 months should be vacated in light of <u>United States v. Whitley</u>, 529

1

F.3d 150 (2d Cir. 2008) and United States v. Williams, 558 F.3d 166 (2d Cir. 2009). For the reasons that follow, petitioner's motion is denied.[1]

## DISCUSSION

Section 2255 permits prisoners to move the court that has imposed their sentence to vacate, set aside, or correct their sentences if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255.

In his motion, petitioner argues that he is entitled to re-sentencing because "[w]ithin the past two years, a precedent-setting case came to light in the [Second] Circuit in which a defendant's lower mandatory minimum for possession of a gun was allowed to be run concurrent with a greater mandatory minimum he was also sentenced to for drugs." (Pet. at 1.) Petitioner further asserts: "I believe it was likely that, had the law governing whether a mandatory minimum of less severity could be run concurrent when a defendant faced an even greater severity mandatory minimum (as I did), been correctly interpreted and applied from their inception, that you would have chosen to do so." (Pet. at 2.) Although petitioner does not name or cite to the "precedent-setting case," the court presumes he is referring to the Second Circuit's

---

[1] Petitioner was granted until September 15, 2010 to file a reply to the government's response in opposition to his petition. Having reviewed petitioner's motion and the government's opposition, the court finds that no reply by the petitioner will save his motion. There is no legal basis for the present petition and it must therefore be dismissed. See Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

2

decision in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and its subsequent decision in United States v. Williams, 558 F.3d 166 (2d Cir. 2009).

A.  The Petition Is Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations for filing petitions under section 2255. See 28 U.S.C. § 2255(f). AEDPA provides that a petition must be filed no later than one year from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Viewing the facts in the light most favorable to the petitioner, subsection (1) is the only subsection that could apply to petitioner's case. Petitioner has not alleged any facts regarding subsection (2) and therefore, it is not applicable to this case. Subsection (3) is not applicable because there has not been any Supreme Court case granting retroactive rights to cases on collateral review. See United States v. Darco, No. 09-1874-cr, 2010 WL 1932317, at *2 (2d Cir. May 14, 2010) ("To the extent that [the defendant] challenges the legality of the sentence

3

imposed, the proper vehicle for such a challenge would be a motion pursuant to 28 U.S.C. § 2255. However, we express no views as to whether, on such a motion, the rule of Whitley and Williams would be available on collateral attack."); Lewis v. United States, No. 10-CV-5260, 2010 WL 3069577, at *3 (S.D.N.Y. July 29, 2010). Subsection (4) is inapplicable because the petitioner has not alleged any new facts that have been discovered in support of his claim.

As to subsection (1), petitioner was sentenced on November 9, 2004 and judgment was entered on November 12, 2004. Petitioner never appealed his conviction or sentence to the Second Circuit. Therefore, his conviction and sentence became final ten days later, on November 22, 2004 when his time to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("We . . . therefore hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Under section 2255, petitioner had until November 22, 2004 to file a timely petition. Petitioner filed his petition on June 28, 2010, almost six years after the statute of limitations had expired.

Furthermore, the court finds no basis for equitable tolling of the statute of limitations. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (holding that AEDPA's statute of limitations may be equitably tolled only in "rare and exceptional circumstance[s]" and only if "the party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."). Therefore, petitioner's motion is time-barred.

B.   The Petition Must Also Be Dismissed On The Merits

In any event, the petition must be dismissed on the merits. Defendants convicted of violating § 924(c) are generally subject to mandatory, consecutive terms of imprisonment. In Whitley, however, the Second Circuit held that the statute's prefatory language excepting defendants otherwise subject to greater minimum sentences ("[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by another provision of law") did not require a district court to sentence a defendant to a ten-year consecutive term of imprisonment where the defendant was also subject to a mandatory minimum fifteen-year term of imprisonment under § 924(e). 529 F.3d at 151. In Williams, the Second Circuit construed Whitley to compel a finding of plain error where the court imposed a mandatory consecutive five-year sentence pursuant to § 924(c) in circumstances where the defendant's underlying drug crime carried a higher ten-year mandatory minimum sentence. See United States v. Parker, 577 F.3d 143, 146 (2d Cir. 2009) (citing Williams, 558 F.3d at 170)). The Williams court held that "the mandatory minimum sentence under section 924(c)(1)(A) is also inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168.

Neither Whitley nor Williams is applicable to petitioner's case. The offense of bank robbery, in violation of 18 U.S.C. § 2113, does not carry a mandatory minimum prison sentence. Accordingly, the "except clause" of § 924(c)(1)(A) was not triggered by the sentence imposed for petitioner's bank robbery offense. See United States v. Payne, 591 F.3d 46, 67-68 (2d Cir. 2010). Petitioner is therefore not entitled to re-sentencing.

## CONCLUSION

For the reasons set forth above, the petition is dismissed. A certificate of appealability shall not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: September 1, 2010
 Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Wayne Phillip Costigan
No. 62094-053
Political Prisoner/Patriot
Federal Prisoner Gulag
P.O. Box 1000
Toretto, PA 15940


*Attorney for Respondent*
Amir Toossi, Esq.
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201